ALONZO T. BACON ET AL. v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CUMBERLAND.

Submitted December 10, 1902—Decided February 24, 1903.

Where the legal obligation of a board of chosen freeholders to put a roadway in fit condition for public travel is not clearly shown, its enforcement by *mandamus* will be denied.

On rule to show cause why *mandamus* should not issue.

Before Justices GARRISON and GARRETSON.

For the relator, *Walter H. Bacon.*

· For the respondents, *Samuel Iredell, Samuel H. Richards* and *Thomas E. French.*

The opinion of the court was· delivered by

GARRISON, J.   The relators, as taxpayers, ask for a writ of *mandamus* to compel the board of chosen freeholders of the county of Cumberland to put a roadway in fit condition for public travel.

The relators may maintain this action.   *Ferry* v. *Williams,* 12 *Vroom* 332.

The facts are that the bridge and roadway in question were built by private capital under legislative sanction (*Pamph. L.* 1864, *p.* 583) and were operated as such until 1871, when they were bought by the defendant, the board of chosen freeholders of the county of Cumberland.   A statute passed in that year (*Pamph. L.* 1871, *p.* 303) authorized this acquisition by the freeholders.   One of the objects set forth in the title of this act was "to convert the road of the said bridge company, which is appurtenant to the said bridge, into a public highway," and one of the provisions of the statute was "that upon the execution and delivery of said conveyance the said road of said company, now appurtenant to said bridge, shall be deemed to be, and shall become, and shall be worked and managed as a public highway, the same as if said road had been laid out and established, according to the provisions of the General Road act; and that upon the execution and delivery of said conveyance, the existence of the said The Maurice River Bridge Company as a corporate body shall become extinguished."

A new bridge was built by the county in 1888 and this structure is not claimed to be either deficient or out of repair. The controversy is over the duty of the board of. chosen freeholders to put the road in question in a condition fit for public travel.   It is evident from the testimony taken under this rule that what is required of the freeholders is not merely to repair the roadway or to maintain it in the condition in which it was when it became a public highway, but to reconstruct it

upon a higher grade. The imposition of this duty upon the freeholders and its enforcement by *mandamus* implies that the following propositions are established—*first,* that the roadway is in legal contemplation an appurtenant to the bridge rather than a public road; *second,* that by force of the act of 1871 the road did not become a public highway as distinguished from an appurtenant to the bridge; *third,* that the purchase of the bridge and road by the county imposed upon it the duty of reconstructing the road, notwithstanding the legislative declaration of the future *status* of the road; *fourth,* that the duty of the freeholders, if it exists, is not merely to maintain or repair, but to reconstruct; *fifth,* that this is the legal duty of the freeholders regardless of its discretion in the premises.

Of these propositions not one can be said to be free from doubt unless the act of 1871 so clearly defines the future *status* of the road as to leave no doubt that it was intended to sever it from the bridge and establish it as a public highway as if laid out under the General Road act. Inasmuch, however, as the township in which the road lies is not a party to this proceeding, no opinion that involves its liability is intended to be expressed, especially as the present matter must be disposed of upon a general rule that is inseparable from the prerogative writ that is invoked, namely, that where a clear legal obligation to perform an act has not been shown, the performance of such act will not be enforced by the mandatory process of the court. The legal obligation of the defendant in the present case being, to say the least, doubtful, the writ of *mandamus* will not issue.

The rule to show cause is discharged.