RODENBARGER, SUPERVISOR, v. STATE, EX REL. STEPHENSON.

[No. 20,477. Filed January 5, 1906.]

1. HIGHWAYS.—*On Township Lines.—Repairs.—Statutes.*—Under §§6818, 6828 Burns 1901, Acts 1883, p. 62, §§5, 14, it is the duty of the township on the west to work and keep in repair the north half of a highway situate on the line dividing such township from the township on the east. p. 687.

2. SAME.—*Supervisors.—Township Trustees—Statutes.*—Regardless of the township trustee's orders, it is the duty of a road supervisor to keep the roads in his district in good repair (§6818 Burns 1901, Acts 1883, p. 62, §5). p. 688.

3. SAME. — *Eminent Domain. — Statutes.—Supervisors.*—Under §6830 Burns 1901, Acts 1883, p. 62, §16, it is the duty of a road supervisor to enter upon adjoining or near-by lands and appro-

priate gravel, stone, sand and wood necessary for the repair of the highway, and charge his township with the appraised value thereof. p. 688.

4.   HIGHWAYS.—*Supervisors' Duty to Keep in Repair.*—It is the imperative duty of the supervisor to keep his roads in repair, and if his usual labor and tax is insufficient, or if no tax has been assessed, he must call out the hands in his district and make repairs, the township trustee having nothing to do therewith. p. 688.

5.   MANDAMUS.—*Supervisors.—Repairing Highways.*—Mandamus is the proper remedy to compel a road supervisor to repair the roads in his district. p. 688.

6.   SAME.—*Extent of Relief Grantable against Supervisors.*—A peremptory writ of mandamus against a road supervisor to take charge of the highways, repair them and keep them repaired to the extent of his available means, is all the relief that can be granted in an action against the supervisor alone. p. 689.

7.   APPEAL AND ERROR.—*Sustaining Demurrer to Argumentative Denial.*—Sustaining a demurrer to an argumentative denial, where the general denial is filed, is a harmless error. p. 689.

From Clinton Circuit Court; *Samuel R. Artman,* Special Judge.

Action by the State of Indiana, on the relation of William Stephenson, against Adam Rodenbarger as supervisor of road district number one in Ross township. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John C. Rogers* and *W. R. Moore,* for appellant.
*George V. Moss* and *Harry C. Sheridan,* for appellee.

HADLEY, J.—Mandamus.   A public highway four miles long runs north and south on the line dividing Ross township on the west and Owen township on the east, in Clinton county.   Appellant is road supervisor of road district number one in Ross township, which embraces the north two miles of said highway.   John H. Yost is township trustee of Ross township.   In 1904 relator filed in the Clinton Circuit Court his petition for a writ of mandate, directed against appellant as supervisor of road district number one,

commanding him to take charge of, repair, and keep in repair, to the extent of the available means at hand, the north two miles of said highway which it is alleged he had theretofore refused to do or to show cause why he should not do so. Appellant's demurrer, for insufficiency of facts, to the petition and alternative writ being overruled he then answered: (1) That he had not accepted, worked and repaired said two miles of road, because John H. Yost, trustee of Ross township, had directed and specially instructed him as supervisor, not to accept, work or repair, or cause the same to be done, asserting that the same did not belong to Ross township; that to put said highway in condition for travel it would be necessary to make a large fill, and put in large sewer-pipes or wooden culverts for drainage; that the road district owns no earth, tiles or lumber that can be used for such purpose, and the supervisor has no money now, nor has he had since his election to said office, belonging to said road district, with which to purchase said necessary materials, which would cost not less than $100, and the township trustee refuses to allow him any money or to purchase materials for such purpose. To the first paragraph of answer appellee's demurrer was sustained. The second paragraph of answer was the general denial. The overruling of the demurrer to the complaint and the sustaining of the demurrer to the first paragraph of answer present the questions for decision.

At the bottom of the case seems to be a controversy between the trustees of Ross and Owen townships, as to a division of the road on the line dividing the two townships, which seems to have caused the trustee of Ross township, not only to refuse to coöperate with, but positively to forbid appellant, as supervisor, from taking charge of, making and repairing the same.

There is no more ground for controversy over the road on the line between the townships than there is over roads in the interior of the townships. The statute expressly pro-

vides how such roads shall be divided, and after the county commissioners have ordered the same opened, it is a matter over which the neighboring trustees have nothing to do but take charge of their respective parts as designated by the statute, and work and keep the same in repair. §6848 Burns 1901, Acts 1885, p. 202, §5. Ross township being on the west, the north half of said road fell to it, and, all the north half being in road district number one, it was the duty of appellant, as supervisor, to work and keep the same in repair. §§6818, 6828 Burns 1901, Acts 1883, p. 62, §§5, 14.

Appellant can find no escape from his official duty in the official misconduct of his trustee, who not only refused to coöperate, but denied the former's right to take charge of and repair the road. Irrespective of the trustee, it is the duty of the supervisor to keep the roads of his district in "good repair." §6818, supra.

He may enter upon "land adjoining or near to any highway * * * and dig and remove any gravel, earth, sand, or stone, or cut and remove any wood or trees that may be necessary for the proper construction, repair or preservation of such highway," and thereby charge his township for their value as appraised. §6830 Burns 1901, Acts 1883, p. 62, §16.

Whether the trustee approves or not, it is the imperative duty of the supervisor to keep all his roads in a condition for travel, and "in no case shall such supervisor neglect to repair such highways, and if such labor and tax, or labor where no tax has been assessed, shall be insufficient therefor, he shall call out the hands in his district to do such repairing." §6828, supra.

The gravest inconveniences result from impassable roads, and to·prevent such occurrences supervisors are given unlimited power to enter upon nearby lands, and condemn materials, and to call out the road hands, to any reasonable extent, under the provisions of

the statute.    When a plain official duty is omitted, mandamus is a proper remedy.    *Wood* v. *State, ex rel.* (1900), 155 Ind. 1.    It will lie against a supervisor who has failed to keep his roads in good repair.    *State, ex rel.,* v. *Kamman* (1898), 151 Ind. 407.

It remains to be seen if the remedy sought is suitable to the averments of the complaint and alternative writ.    The prayer of the petition is that upon final hearing a

6.    peremptory writ of mandate issue to appellant, commanding him to take charge of the highway, and repair and keep it repaired, "to the extent of the available means at hand."    The judgment and peremptory writ followed the prayer of the petition.    There can be no doubt that it was the duty of appellant to do all that was commanded of him that he might do; and he could take charge of the road, call out the hands, dig or blow out the stumps, fill up the washes, and do such other necessary things in improving the road as were plainly within his power.    *Welch* v. *State, ex rel.* (1905), 164 Ind. 104.    The remedy here granted is all the relator was entitled to against the supervisor.    If he had desired a complete remedy he should have made the trustee a party.

The demurrer to the complaint was properly overruled.    The answer was an argumentative denial, and the

7.    general denial remaining in, no harm could come to appellant by sustaining the demurrer thereto.    Judgment affirmed.