## STATE OF INDIANA, EX REL. MARTIN, TRUSTEE v. GRAHAM ET AL.

[No. 22,682.    Filed March 12, 1915.]

1. MANDAMUS.—*Complaint.*—*Requisites.*—A complaint in mandamus must show a clear legal right on the part of relator to the relief sought, and a clear legal duty on the part of defendant to do and perform the thing demanded.   p. 55.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Mandamus to Compel Appropriation for New Building.*—*Complaint.*—A complaint by a township trustee to mandate the township advisory board to make an appropriation for the erection of a new school building, where the right to relief is based upon the ground that certain school districts have been abandoned and so consolidated as to form a new district which is without an adequate building, and that it is the legal duty of the township authorities to provide such building, must show that the old districts were legally abandoned and that the consolidation into a new district was effected according to law; hence where the allegation was that the districts were abandoned on petitions signed by a majority of .the legal voters in the respective districts, the complaint was insufficient as failing to show that the abandonment was at the instance of a majority of the legal voters who are entitled to vote for township trustee, as required by §6420 Burns 1914, Acts 1901 p. 159, and §6421 Burns 1914, Acts 1901 p. 437.   pp. 56, 57.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Abandonment of Districts.*— *Statutes.*—*Construction.*—Section 6420 Burns 1914, Acts 1901 p. 159, and §6421 Burns 1914, Acts 1901 p. 437, relating to the abandonment of school districts, are *in pari materia* and are to be construed together, especially in view of the fact that they were passed at the same session of the legislature; and, since there is nothing in the later act indicating an intent to extend or conflict with the classification made in the other of those who may determine whether a district shall be abandoned, the provision of the later act "that whenever a majority of the legal voters of any school district or corporation shall petition the trustee", etc., must be construed to mean legal voters "who are entitled to vote for township trustee in such district", so as to harmonize it with the provisions of the other act and give effect to the various provisions of both.   pp. 56, 57.

4. STATUTES.—*Construction.*—The general terms of a later statute will be restricted in their application where, under the pro-

visions of a prior law on the same subject, there is manifested a purpose to classify such general terms and to limit their application, unless a clear intention to abolish such classification is expressed in the later law.   p. 57.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the State of Indiana, on the relation of Jeptha M. Martin, trustee of Jefferson School Township, Cass County, against Frank Graham and others, composing the Advisory Board of Jefferson Township.   From a judgment for defendants, the relator appeals.   *Affirmed.*

*George A. Gamble* and *Frank & Hillis,* for appellant.
*Long, Yarlott & Souder,* for appellees.

SPENCER, J.—This is an action in mandamus instituted by the State of Indiana on relation of Jeptha M. Martin, as trustee of Jefferson School Township, Cass County, to compel the advisory board of said township to make an appropriation for the construction of a certain schoolhouse.   A demurrer to the complaint was filed and sustained, and on plaintiff's refusal to plead further, judgment was rendered on the demurrer and this appeal taken.

The complaint is lengthy and contains many averments as to the legal capacity and official duties of the several parties to the action, which we deem unnecessary to set out in this opinion.   It appears, however, that on February 28, 1914, a majority of the legal voters of school district No. 5 in Jefferson School Township filed their petition with the relator, as school trustee, praying for the abandonment of said district and for the consolidation thereof with school district No. 8 in said township, and also praying for the erection of a school building sufficient in capacity to accommodate said school districts and such other school districts in said township as might be consolidated therewith.   A similar petition was filed by the legal voters of school district No 8, asking that it be abandoned and consolidated

with district No. 5; by the legal voters of district No. 4, asking that it be abandoned and consolidated with districts Nos. 5, 8 and 9; and by the legal voters of district No. 9, asking that it be abandoned and consolidated with districts Nos. 4, 5 and 8.  The relator, as school trustee, granted each of these petitions and entered an order to the effect that it was necessary to construct a new school building sufficient in capacity to accommodate the school districts thus abandoned and consolidated, and such other school districts as might be consolidated therewith.  The complaint further alleges that on March 5, 1914, a majority of the patrons in each of said school districts Nos. 4, 5, 8 and 9 filed with the county superintendent of schools their separate petitions to change and reëstablish the site of the school buildings then in each of said districts and to construct a new building on a site in the consolidated district sufficient in capacity to accommodate consolidated districts Nos. 4, 5, 8 and 9 and such other districts as might be consolidated therewith.  Notice of these petitions was duly given, a hearing had and an order entered by the county superintendent, granting the prayer of the petitions.  No appeal was taken from any action on the part of the relator or of the county superintendent as above set out.  Finally, the complaint contains allegations tending to show a need for new and additional school facilities arising out of the facts above stated; the ability of Jefferson School Township to raise funds with which to build and equip a new school building sufficient to meet the needs of its school patrons, and the refusal of the appellee advisory board to make the necessary appropriation.  Prayer for relief.

To be good as against demurrer, a complaint in mandamus must show two things:  (1) a clear legal right on the part of the relator to the relief which is sought, and (2) a clear legal duty on the part of the defendant to do and perform the thing demanded.  If the allega-

tions of the pleading are such as to leave either of these elements in doubt, a demurrer thereto must be sustained. *State, ex rel.* v. *Etcheson* (1912), 178 Ind. 592, 596; *Owen County Council* v. *State, ex rel.* (1911), 175 Ind. 610, 616.

In the case at bar, the relator bases his right to relief largely on the ground that the school districts named in the complaint have each been abandoned and so consolidated as to form a new school district which is without adequate school facilities, and that it is the legal duty of the township authorities, including the appellee advisory board, to provide such facilities. In taking this position, however, it is incumbent on the relator to show by the allegations of his pleading that the old school districts were legally abandoned and that their consolidation into a new school district was effected in accordance with law.

Appellees contend that under the provisions of §6420 Burns 1914, Acts 1901 p. 159, it must appear that the several petitions asking for the abandonment of districts Nos. 4, 5, 8 and 9 were signed in each instance by "a majority of those legal voters *who are entitled to vote for township trustee*" in the respective districts. The allegation of the complaint is that such petitions were signed by a majority of the "legal voters" in the several districts and appellant contends that this is sufficient under §6421 Burns 1914, Acts 1901 p. 437. The statute last cited does provide "That whenever a majority of the legal voters of any school district or corporation shall petition the trustee or trustees of such school district or corporation for the abandonment of their schools and the consolidation of their schools with the schools of some other school district or corporation in the same township, it shall be the duty of the trustee or trustees of such school district or corporation to comply with such petition, and to provide for the education of the children of

such abandoned district or corporation in other schools as asked for in such petition." Section 6420 Burns 1914, *supra,* however, prohibits the township trustee, except under conditions not here present, from abandoning "any district school in his township until he shall have first procured the written consent therefor signed by a majority of those legal voters who are entitled to vote for township trustee in such district." Each of these statutes was passed by the General Assembly of 1901, the latter becoming effective on March 7 of that year and the former on March 11. Where, as in this case, acts are *in pari materia,* they should be construed together and, if possible, in such manner as to harmonize and give effect to their various provisions, especially when they are passed at the same session of the legislative body. Furthermore, the general terms of the later

4. enactment will often be restricted where, under the provisions of a prior law on the same subject, there is manifested a purpose to classify such general terms and to limit their application. The later law, not showing any clear intention to abolish such classification, will be made to operate on that class only, which is included within the more limited expression. 2 Lewis' Sutherland, Stat. Constr. (2d ed.) §444. Following this rule the above author states, in §445, that "The expression 'any person' in a later statute will be construed to harmonize with an earlier one which required for the purpose certain qualifications."

2. There is nothing in the language used in §6421 Burns 1914, *supra,* or in its evident purpose, which indicates a legislative intent to extend or to conflict with that

3. classification which is used in §6420, *supra,* to indicate the class of voters eligible to determine the question of abandoning a district school. Many persons may be legal voters of a school township and yet not be "entitled to vote for township trustee in said district". *Ireland* v. *State, ex*

State, ex rel. *v.* Graham—183 Ind. 53.

*rel.* (1905), 165 Ind. 377, 380. Such persons, under §6420, *supra,* could not authorize a township trustee to abandon any district school in his township and we see no reason to hold that, under §6421, *supra,* they may petition to have such school abandoned. The language used in the latter section must be construed as including only such legal voters of a school district or corporation as are entitled to vote for township trustee therein. It does not appear from the complaint at bar that the several petitions presented to the relator, as trustee, were signed by a majority of such voters and the pleading is insufficient in that respect. The complaint may also be open to some of the other objections urged against it but further consideration of said objections is not necessary to the affirmance of the judgment.

It has been suggested that during the pendency of this appeal, the terms of office of the relator and of the several appellees have expired and a motion has been filed in this court to substitute their respective successors in office as parties to the appeal. In view of the conclusion reached, however, it is unnecessary to pass on this motion as the judgment will be affirmed as of the date of submission.

It is so ordered.

Lairy, J., did not participate in this opinion.

NOTE.—Reported in 108 N. E. 111. As to rules for construction of statutes, see 12 Am. St. 826. As to the construction together of contemporaneous statutes *in pari materia,* see 18 Ann. Cas. 424; Ann. Cas. 1915 A 186. See, also, under (1) 26 Cyc. 433; (2) 26 Cyc. 438; (3, 4) 36 Cyc. 1151.