GRUBER, TRUSTEE OF REDDING SCHOOL TOWNSHIP, ET AL. *v.* STATE, EX REL. WELLIVER.

[No. 24,609. Filed July 3, 1925.]

1. MANDAMUS.—*Complaint and summons take the place of common-law writ of mandamus.*—In this state, a complaint and summons take the place of the common-law writ of mandamus, but the remedial character of the statutory action of mandate is the same as that given by the old writ. p. 442.

2. CONSTITUTIONAL LAW.—*Constitutional question not considered when not necessary to decision of questions before the court.*— The Supreme Court will not consider a constitutional question when the decision thereof is not necessary to the decision of the question before the court. p. 443.

3. MANDAMUS.—*Essential elements of action for mandate stated.* —In order to maintain an action of mandate, there must be a clear legal right to the relief sought, an obvious duty and present power on the part of the defendant to do the thing demanded, and no adequate legal remedy must be available, and these essential elements must be affirmatively and positively shown by the complaint. p. 443.

4. PLEADING.—*Written instrument which is not foundation of pleading, cannot be considered in aid thereof.*—A written instrument that is not the foundation of a pleading with which it is filed as an exhibit cannot be considered in aid of the pleading in ruling on a demurrer thereto. p. 444.

5. MANDAMUS.—*In action to mandate township trustee, petition filed with him cannot be made part of complaint by filing it as exhibit.*—In an action for mandate to compel a township trustee and advisory board to establish a joint elementary and high school under §6843 Burns 1926, §6584b Burns' Supp.

1921, Acts 1921 p. 322, the petition filed with the township trustee, not being the foundation of the action, could not be made an exhibit with the complaint and thereby supply essential facts omitted from the complaint.    p. 444.

6.   MANDAMUS.—*Complaint for mandate must show positively all the esential elements entitling relator to relief demanded and ability of defendant to comply with demand.*—In an action for mandate, the relator's complaint must allege facts showing positively all of the essential elements entitling him to the relief demanded as well as the power of the defendant to comply with such demand.    p. 444.

7.   SCHOOLS AND SCHOOL DISTRICTS.—*Township trustee has control of the schools, schoolhouses and school funds of his township, aided and advised by the township advisory board.*—By virtue of his office, a township trustee has control of the schools, schoolhouses and school funds, and it is his duty to establish and maintain schools in his township in compliance with the law of the state, the township advisory board acting in an advisory capacity and co-operating with him, but it will not be allowed to arbitrarily defeat the performance by the trustee of any duty imposed on him by law.    p. 445.

8.   SCHOOLS AND SCHOOL DISTRICTS.—*Township advisory board acts in advisory capacity with township trustee, but may not arbitrarily prevent performance of his duties.*—In the expenditure of school funds and in making provision for the raising of such funds, the township advisory board acts in an advisory and co-operative capacity with the trustee, but it will not be allowed to arbitrarily defeat performance of any duty by the trustee.    p. 445.

9.   PLEADING.—*Party claiming benefit of statute must allege facts bringing himself clearly within its provisions.*—It is a rule of pleading that one claiming the benefit of a statute must allege facts bringing himself clearly within its provisions.    p. 446.

10.   EVIDENCE.—*In action of mandate to compel township trustee and advisory board to perform certain alleged duties, presumption of correct action and performance of duties is with defendants and complaint must overcome presumption.*—In an action of mandate to compel a township trustee and advisory board to establish a joint elementary and high school, the presumption of correct action and the performance of all official duties is with the defendants.    p. 446.

11.   MANDAMUS.—*Mandate to compel township trustee and advisory board to establish school will be denied unless complaint shows duty and power of officers to perform act sought to be compelled.*—A judgment mandating a township trustee and advisory board to establish a joint elementary and high school

under §6843 Burns 1926, §6584b Burns' Supp. 1921, Acts 1921 p. 322, will be denied unless the complaint shows that it is the duty of the officers to perform the act sought to be compelled and that they have power to do so.   p. 446.

12.   SCHOOLS AND SCHOOL DISTRICTS.—*Township will not be ordered to establish school if it. has no funds to be appropriated for the purpose and has reached constitutional debt limit.*—A township will not be ordered to establish a joint elementary and high school under §6843 Burns 1926, §6584b Burns' Supp. 1921, Acts 1921 p. 322, if it has no funds to be appropriated and has reached its constitutional debt limit.   p. 447.

13.   MANDAMUS.—*Mandate will not be issued against public officer requiring him to appropriate or expend public funds unless complaint shows funds that could be appropriated or expended.*—In order to compel action on the part of a public officer involving the appropriation and expenditure of public funds, facts must be averred showing that there is money which can be legally appropriated and expended for the purpose. p. 447.

14.   MANDAMUS.—*Necessity for new school building would not preclude granting mandate to establish joint elementary and high school, as that would be a matter for trustee and advisory board.*—In an action of mandate to compel a township trustee to establish a joint elementary and high school under §6843 Burns 1926, §6584b Burns' Supp. 1921, Acts 1921 p. 322, the fact that if the relief asked should be granted it might result in a necessity for a more commodious school building than was available would be immaterial, as that would be a matter entirely for the trustee and advisory board.   p. 447.

15.   EVIDENCE.—*Courts take judicial notice of township's population as shown by U. S. census.*—Courts will take judicial notice of the population of a township as shown by U. S. census.   p. 447.

16.   MANDAMUS.—*Members of township advisory board properly joined as defendants in action to mandate township trustee to establish and maintain joint elementary and high school, where they were antagonistic.*—In an action of mandate to compel a township trustee to establish a joint elementary and high school under §6843 Burns 1926, §6584b Burns' Supp. 1921, Acts 1921 p. 322, where the complaint showed an imperative duty on the part of the trustee to establish and maintain such school but also showed that the township advisory board was antagonistic to the proposed reorganization of the schools of the township, it was proper to join the members thereof as defendants, on the theory of securing complete and adequate relief.   p. 447.

17. SCHOOLS AND SCHOOL DISTRICTS.—*Each civil township is a separate entity for school purposes and a distinct division of the common school system.*—Each civil township in the several counties of this state is a separate entity for school purposes and a distinct division of the general system of common schools.   p. 448.

18. SCHOOLS AND SCHOOL DISTRICTS.—*Discretion of legislature as to establishment and management of public schools must be respected by local authorities and courts unless it has resulted in local or special laws.*—The legislature being the central power in controlling the schools and school affairs, its judgment and discretion in the establishment and management of the schools must be respected by the local authorities and the courts unless it clearly appears that its action has resulted in a purely local or special law in conflict with the Constitution. p. 449.

19. SCHOOLS AND SCHOOL DISTRICTS.—*Act authorizing the establishment of high school or joint elementary and high school in certain townships not unconstitutional.*—The act of 1921 (§6843 Burns 1926, §6584b Burns' Supp. 1921, Acts 1921 p. 322), authorizing one-third of the school patrons of a township having assessed property valuation of more than $1,250,-000, by petition to the township trustee, to make it his mandatory duty to establish a high school or a joint elementary and high school, is not violative of Art. 4, §22, of the Constitution forbidding local or special laws as to the public schools. p. 450.

20. APPEAL.—*Judgment will not be affirmed when court erred in overruling demurrer to one paragraph of complaint when not clearly shown that judgment rested entirely on good paragraph.*—Where the complaint was in two paragraphs, separate demurrers thereto being overruled and defendants were ruled to plead over as to the second paragraph, which they refused to do, and stood upon their demurrers, a judgment on a finding for the plaintiffs "upon their complaint" and that "all the allegations thereof are true" is not clearly shown to be on the second paragraph only, and will not be affirmed where the first paragraph was insufficient.   p. 450.

From Jackson Circuit Court; *James A. Cox,* Judge.

Action for mandate by Raymond Welliver and others against Lyman M. Gruber, trustee of Redding School township, Jackson county, and the advisory board thereof.   From a judgment for plaintiffs, the defendants appeal.   *Reversed.*

*Montgomery & Montgomery* and *Edward P. Elsner,* for appellants.

*Seba A. Barnes,* for appellee.

MYERS, J.—This was an action for mandate (Acts 1915 p. 207, §1244 Burns 1926, §1224 Burns' Supp. 1921) by appellees, twenty-eight in number, as taxpayers and school patrons of Redding township in Jackson county, and on behalf of eighty-seven others similarly situated, affected and interested, against appellants as trustee and members of the advisory board of that township, to compel them, as such officers, to establish and maintain a joint high school and elementary school in such township pursuant to Acts 1921 p. 322, §6843 Burns 1926, §6584b Burns' Supp. 1921.

The complaint was in two paragraphs. Demurrers to each of those paragraphs for want of facts by the trustee and the members of the advisory board separately were overruled. In due course, judgment was rendered, directing and commanding appellants to forthwith take all necessary steps as by law provided to maintain and operate in Redding township of Jackson county, in the State of Indiana a joint high school and elementary school beginning with the school year of 1924. Gruber, as trustee, and Miller and Zimmerman, as members of the township advisory board, separately assign error on the several rulings.

That part of the statute (§6843 Burns 1926, §6584b Burns' Supp. 1921, *supra*) relied on by relators, provides "That, in each township having an assessed valuation of more than twelve hundred and fifty thousand Dollars ($1,250,000) of taxable property, whenever one-third (1/3) or more of parents, guardians, heads of families and persons living in such township having charge of children who were enumerated for school purposes in said township at the last preceding enumera-

Gruber, Trustee, *v.* State, ex rel.—196 Ind. 436.

tion, petition the trustee of such township to establish and maintain a high school, or joint high school and elementary school, said trustee shall establish and maintain in such township a high school, or joint high school and elementary school as petitioned for and employ competent teachers therefor, notwithstanding there may be an established high school within three (3) miles of a boundary line of such township, and regardless of the number of graduates of the elementary schools of such township."

Briefly stated, the first paragraph of the complaint herein, filed September 25, 1923, shows that on January 1, 1923, Redding township had an assessed valuation of more than $1,250,000 of taxable property; that on June 27, 1923, relators and eighty-seven others, being then and there resident taxpayers of that township, and being then and there more than one-third of the parents, guardians, heads of families and persons then and now living in the township and having charge of children of school age, who were then and there enumerated for school purposes in the township at the last preceding enumeration of school children taken in May, 1923, signed and filed their petition with and in the office of the defendant, Lyman M. Gruber as trustee of that school township, petitioning such trustee to establish and maintain in such township a joint high school and elementary school; that the other defendants, naming them, constituting the advisory board of said township, and the defendant Gruber as trustee thereof, held their regular annual meeting on September 18, 1923, and then and there wrongfully and unlawfully denied and refused, and still neglect and refuse, to grant the prayer of the petition, and then and there wrongfully and unlawfully neglected and refused to make any appropriation of funds for, or authorize the incurring of indebtedness for, and to take any action and steps

to establish and maintain, such joint high school and elementary school; that there was not, at the time of filing the petition, nor prior thereto, nor since that time, any high school established and maintained in said township.

On October 23, 1923, relators filed a second paragraph wherein they alleged that on January 1, 1923, and ever since that time and now, said township had and has an assessed valuation of $2,997,270 of taxable property, and, in addition to the allegations of the first paragraph, that at the time of filing relators' petition on June 27, 1923, and ever since that time and now, Redding School township's entire outstanding indebtedness is $4,500 and that it had and has to the credit of its special school fund $7,258.60, and the levy made in 1923 for the year 1924 for special school fund will add approximately $8,065; that in case of granting relators' request, this township's special school fund would be further augmented by the sale of school property of the value of $3,500; that the funds from the foregoing sources and the indebtedness which the school township might lawfully incur, would furnish ample funds for the purposes of establishing and maintaining a joint high school and elementary school.

This action proceeded upon the theory of the failure and neglect of certain township officers to perform specific ministerial acts to the injury or grievance of the complainants.

In this state, as a matter of pleading under our Code, a complaint and summons take the place of the common-law writ of mandamus, but the remedial

1. character of our statutory action for mandate is the same as that given by the old writ. The present remedy is by statute made to run to "any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which

the law specifically enjoins, or any duty resulting from any office, trust or station." §1245 Burns 1926, §1225 Burns 1914, Acts 1911 p. 541.

Gruber as trustee and Miller and Zimmerman as members of the township advisory board, by memorandum to their separate demurrers, offer practically the same objections to the complaint, and in addition, both challenge the constitutionality of ch. 130, *supra.* In view of our conclusion that the first paragraph fails to state a cause of action against such demurrants for reasons other than the invalidity of the statute, no attention will be given that question. *School City* v. *Harrison School Township* (1916), 184 Ind. 742, 112 N. E. 518.

This is a civil action to enforce a civil remedy by an extraordinary process of law. It is well settled that such process will be granted only when a clear legal right to the relief sought exists, an obvious duty and present power on the part of the respondent to do the thing demanded, and there is no other adequate legal remedy. These are the high points and essential elements in actions for mandate which must be shown affirmatively and undoubtedly by the allegations of the relators' complaint in order for it to withstand a demurrer for want of facts. *Paddock, Mayor,* v. *State, ex rel.* (1916), 185 Ind. 650, 114 N. E. 217; *State, ex rel.,* v. *Graham* (1915), 183 Ind. 53, 108 N. E. 111; *State, ex rel.,* v. *John* (1908), 170 Ind. 233, 84 N. E. 1; *State, ex rel.,* v. *Foland, Auditor* (1921), 191 Ind. 342, 132 N. E. 674; *Bacon* v. *Freeholders of Cumberland* (1902), 69 N. J. Law 195, 54 Atl. 234; Merrill, Mandamus §255; Wood, Mandamus, (2d ed.) p. 37.

In the instant case, the relators, in aid of their first paragraph of complaint, annexed thereto by way of exhibit their petition filed with the township trustee.

The petition was not the foundation of relators' alleged cause of action, and cannot be considered to supply essential facts in a complaint tested by a demurrer for want of facts. *Aldrich* v. *Amiss* (1912), 178 Ind. 303, 99 N. E. 419; *Temple* v. *State, ex rel.* (1916), 185 Ind. 139, 113 N. E. 233; *Fidelity, etc., Ins. Co.* v. *Purlee* (1922), 192 Ind. 106, 135 N. E. 385.

Originally, in this class of actions, the greatest particularity and completeness in the narration of facts was required. The reason for this strict rule of pleading under the common law was to place the burden on the pleader to overcome the doubt that a legal right could exist and the law furnish no adequate remedy. Let it be conceded that the rule thus formerly adhered to by the courts has been modified so that, in common-law jurisdictions, whatever is essential to good pleading in ordinary actions at law will be regarded as sufficient (*Fairbank* v. *Sheridan* [1880], 43 N. J. Law 82), and that, under our Code (§359 Burns 1926, §343 Burns 1914) "a statement of the facts constituting a cause of action, in plain and concise language" will suffice, still, there is no such modification as will relieve a relator from a clear statement showing positively all of the essential elements entitling him to the relief demanded, as well as the power of the respondent to comply with such demand. *State, ex rel.,* v. *Etcheson* (1912), 178 Ind. 592, 99 N. E. 996.

The paragraph of complaint under consideration is based entirely upon §6843 Burns 1926, §6584b Burns' Supp. 1921, *supra,* and, under the facts alleged, it purports to authorize one-third of the school patrons of Redding School township, by petition, to cast upon the school trustee of that township the official duty to establish and maintain a joint high school and elementary school. While this statute does not mention the Town-

ship Advisory Board, yet the board was made a party defendant on the assumption, it is said, that it is a co-ordinate instrumentality of the township trustee in the performance of the thing demanded of him and specifically enjoined upon him by law. If there be such a co-ordination, it must be because of some fact not stated or a statute not pointed out by the relators and upon which they rely to charge the board with a specific ministerial duty, and for the nonperformance of which they are injured or aggrieved. Nor can it be said that such prerogative writ, as here requested, should issue against the board on the ground merely of securing complete and adequate relief in the absence of facts showing a clear legal duty coequal with the trustee and a want of willingness or refusal to perform that duty.

To establish and maintain township schools in compliance with the laws of this state providing for a general system of education is an official duty of the township school trustee. By virtue of his office, he has control of the schools, schoolhouses and school funds. In the expenditure of school funds and in making provision for the raising of such funds, the advisory board acts in a co-operative and advisory capacity with the trustee, but it will not be allowed to arbitrarily defeat the performance by such trustee of a duty enjoined upon him by law. *Advisory Board, etc., v. State, ex rel.* (1905), 164 Ind. 295, 302, 73 N. E. 700; *Steiger v. State, ex rel.* (1917), 186 Ind. 507, 515, 116 N. E. 913.

The effect of appellees' argument is that, although the statute for petitioning the trustee does not mention the Township Advisory Board, nevertheless, in passing on these demurrers, it should be construed "in connection with all other statutes relating to the same subject-matter." *Advisory Board, etc., v. State, ex rel., supra.* Appellees seem to forget that their authority to demand

and the power of the appellants to perform are 9. matters of purely statutory sanction.   Hence, it may be well to suggest that no rule of pleading is more firmly settled than the one requiring a party claiming the benefit of a statute to allege facts bringing himself clearly within its provisions.   *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350; *Chicago, etc., R. Co.* v. *Glover* (1901), 159 Ind. 166, 168, 62 N. E. 11.   Appellees have not attempted to comply with this rule of pleading.

If it were permissible for the court to accept the invitation to define the powers and duties of township advisory boards to make appropriations, tax levies, 10, 11. and to authorize township indebtedness, as disclosed by the act creating such boards (Acts 1899 p. 150, as amended by Acts 1913 p. 276, Acts 1915 p. 131, Acts 1917 p. 426), and also the law defining the powers and duties of township school trustees relative to the establishment and maintenance of township schools, the want of facts to sustain this paragraph would be more apparent, both as to the trustee and the advisory board.   For, in this class of cases especially, the presumption of correct action and the performance of all official duties is with the respondents, and, in this case, with the appellants.   Therefore, the issuing of a prerogative writ against either of them, as requested by relators, will not be granted unless the facts in the complaint therefor "show that it is the duty of the officer to perform the act sought to be compelled, and that he has the power to perform the same."   *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 272, 86 N. E. 49; *Flora, Trustee,* v. *Brown* (1923), 79 Ind. App. 454, 458, 138 N. E. 767.

Under §6843 Burns 1926, §6584b Burns' Supp. 1921, *supra,* as between these appellants, the primary affirmative action rested with the trustee.   But, it is said that

the prayer of the petition was denied and refused by the trustee and the advisory board, and that no funds were appropriated and no school township indebtedness authorized with which to establish and maintain such township school. These facts would tend to support rather than to overcome the presumption of good faith action on the part of the these officers. Furthermore, the conclusion might reasonably follow that the school township had no funds subject to be thus appropriated, and that it had reached its constitutional debt limit. Such circumstances would defeat this action. This court has said that "in order to compel action on the part of a public officer involving the appropriation or expenditure of public funds, facts were required to be averred showing that there was money which could be legally appropriated and expended for the purpose." *State, ex rel.,* v. *Etcheson, supra; State, ex rel.,* v. *John, supra; Advisory Board, etc.,* v. *State, ex rel.* (1906), 166 Ind. 237, 76 .N. E. 986. It was error to overrule the demurrer to this paragraph.

Looking to the second paragraph, we find an entirely different state of facts. The memorandum attached to each of the demurrers to this paragraph proceeded upon the theory that the relators were seeking to compel the respondents to construct a school building. While the relief asked by relators, if granted, might result in a necessity for a more commodious building for school purposes than the trustee now has at his command, yet that is a matter entirely for the trustee and the advisory board, and foreign to the gist of this action.

From the allegations of this paragraph, it appears that the required number of school patrons of Redding School township petitioned the school trustee thereof to establish and maintain a joint high school and elementary school in that township,

wherein the entire population, according to the 1920 census, of which we take judicial notice, was 1,374, and 159 less than shown by the census of 1910 and 203 less than shown by the census of 1900. This showing of population, and number of petitioners composing one-third or more of the school patrons of the township, the assessed valuation of the township, its present special school fund available, its school indebtedness, and its financial ability to raise school funds, leaves no debatable question as to the power of the trustee, properly supported by the advisory board, to establish and maintain the school demanded by the relators. It being the imperative duty of the trustee to establish and maintain, within reasonable needs, a school as prayed by the relators, and it appearing that the advisory board, to some extent, was and is antagonistic to the proposed reorganization of its township schools, it was proper to join the members thereof as defendants upon the theory of securing complete and adequate relief. *Rodenbarger* v. *State, ex rel.* (1906), 165 Ind. 685, 689, 76 N. E. 398; *Sell, Trustee,* v. *State, ex rel.* (1919), 188 Ind. 671, 125 N. E. 402.

The showing of facts in this paragraph meets the objections pointed out by us to the first paragraph, except the constitutional objection urged to this paragraph, which we will now consider.

Appellants insist that the portion of the act upon which appellees base this action is in violation of Art. 4, §22, Constitution of Indiana, for the reason that the classification is made to depend upon a purely arbitrary amount of wealth, and as having no rational basis for a legitimate classification. This constitutional provision prohibits the legislature from passing local or special laws for the support of common schools and for the preservation of school funds. The act in question purports to be a general law. It is

made applicable to any and all townships which measure up to the standard of assessed valuation of property therein fixed at $1,250,000. Each civil township in the several counties of this state is a separate entity for school purposes and is a distinct division of our general system of common schools. The general assembly of this state, by constitutional direction, is required "to provide by law for a general and uniform system of common schools, wherein tuition shall be without charge, and equally open to all." Art. 8, §1, Constitution. That body thus mandated to devise a system of common · schools, coextensive with the state in compliance therewith, has organized the common schools as a state institution. In *State, ex rel.,* v. *Haworth* (1890), 122 Ind. 462, 465, 7 L. R. A. 240, it is said: "The schools in which are educated and trained the children who are to become the rulers of the commonwealth are matters of State, and not of local jurisdiction. In such matters, the state is a unit, and the legislature the source of power. The authority over schools and school affairs is not necessarily a distributive one to be exercised by local instrumentalities; but, on the contrary, it is a central power residing in the Legislature of the State."

If the general assembly is the central power over schools and school affairs, it seems to us that its discretion in making it possible for providing and 18. maintaining convenient schools for the education of the children of the state must be respected not only by the local authorities but by the courts as well, unless it clearly appears that such legislative authority has resulted in a purely local or special law, whether from classification or otherwise, plainly counteracting the presumption of constitutional obedience.

The question here is one of classification. True, such classification must be natural and reasonable, and not

arbitrary. "It must be founded upon real and substantial differences in the local situation and necessities of the class of cities and towns to which it applies. Where such a classification excludes from its operation cities and towns differing in no material particular from those included in a class, the statute cannot be upheld." *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 200, 70 N. E. 134, 137.

It cannot be said that the act here in question applies alone to Redding School township, nor does it affect alone the common schools or the school fund of that particular township. The law was intended to meet the necessities of all townships in the state coming within the classification, but the necessity is left with the school patrons. Without extending this opinion for the purpose of suggesting other reasons in support of the constitutionality of this act, we deem it sufficient to say that in our opinion the classification is not of the character which compels us to say that it is unreasonable and that the act should be stricken down upon that ground.

Having reached the conclusion that the first paragraph of the complaint is insufficient, and that the demurrer to the second paragraph was properly overruled, we are next confronted with the claim that the judgment in this case rests upon the second paragraph, and for that reason it should be affirmed. An examination of the record will disclose that after the court had overruled appellants' demurrers to the first paragraph, a second paragraph of complaint was filed, to which appellants severally addressed demurrers. These demurrers were overruled and "The defendants above named are now ruled to plead over and further answer second paragraph of complaint and now decline to plead further and each elects to stand upon his demurrers to *each* paragraph of plaintiffs'

complaint." Then follow recitals to the effect that the defendants having been ruled to plead over and further answer plaintiffs' second paragraph, which they declined to do, but elected to stand upon their demurrers thereto, the cause was submitted to the court for trial, "finding and decree as upon default and the court being sufficiently advised as to its decision now finds for the plaintiffs upon their complaint; that all of the allegations thereof are true, etc." Then follows the judgment in accordance with the above general finding.

We are not prepared to say that the record at bar shows affirmatively that the judgment herein rests entirely upon the second paragraph.

Judgment reversed, with instructions to sustain the demurrer to the first paragraph of complaint, and for further proceedings not inconsistent with this opinion.