LEEDY ET AL. *v.* IDLE, TRUSTEE, ET AL.

[No. 9,775. Filed December 21, 1918.]

1. APPEAL.—*Briefs.—Sufficiency.—Rules of Court.*—Where appellants' brief set out a number of propositions of law, which were consecutively numbered, but were not grouped "under a separate heading of each error relied on," as required by Rule 22 of the Appellate Court, an affirmance of the judgment below without discussion is authorized. p. 107.

2. APPEAL.—*Briefs.—Insufficient Narrative of Evidence.—Waiver of Errors.*—Where the condensed statement of the evidence set out in appellants' brief is meagre and consists principally of

counsel's conclusions as to the effect of the testimony without naming the witnesses, and making little attempt to state the evidence in narrative form, the brief fails to comply with Rule 22 of the Appellate 'Court and all questions arising on the evidence are waived. p. 107.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Erecting Schoolhouse.—Sale of Bonds.—Injunction.—Burden of Proof.*—In a taxpayer's action to enjoin a township trustee from erecting a schoolhouse and selling bonds to meet the cost thereof, the burden rested on plaintiffs to prove the allegations of their complaint that the construction of the building was not justified by the immediate or probable needs of the district, and would involve an unjust and unreasonable expenditure of the public funds. p. 108.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Creation of School District.—Erection of Consolidated School Building.—Trustee's Abuse of Discretion.—Taxpayer's Remedy.—Statutes.*—The action of the school trustee and the advisory board taken pursuant to §6421 Burns 1914, Acts 1901 p. 437, §6422 Burns 1914, Acts 1909 p. 73, for the sale of township bonds and the erection of a schoolhouse in a consolidated district, as authorized by a majority of legal voters of each district, is not open to attack in a taxpayer's suit for an injunction, their remedy being by appeal to the higher school authorities in event of abuse of discretion, as provided by §§6667, 6668 Burns 1914, §§4537, 4538 R. S. 1881. p. 109.

From Kosciusko Circuit Court; *Francis E. Bowser,* Judge.

Action by Amsa Leedy and others against Talmon H. Idle, trustee, and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*William J. McNagney, Levi R. Stookey, Homer Longfellow, Rob R. McNagny* and *Phil McNagny,* for appellants.

*Lemuel W. Royse, Andrew G. Wood* and *Merle L. Gochenour,* for appellees.

HOTTEL, J.—Appellants, as residents and taxpayers of Monroe school township in Kosciusko county, instituted this action to enjoin appellees from erecting a certain schoolhouse in said township and from

selling the bonds of the township to meet the cost thereof. The trial court made a special finding of the facts in issue, and stated, as its conclusions of law thereon, that appellants take nothing by their action, and that appellees recover their costs. This appeal follows.

There are three specifications in the assignment of errors relied on for a reversal, and the first of these challenges the action of the circuit court in overruling appellants' motion for a new trial. That motion contains nine grounds. In the preparation of their brief appellants have set out nine propositions of law, which are consecutively numbered, and not grouped ''under a separate heading of each error relied on,'' as required by Rule 22. This fact would authorize an affirmance of the judgment below without further discussion (*Houck* v. *McCoy* [1916], 185 Ind. 713, 114 N. E. 437; *Palmer* v. *Beall* [1915], 60 Ind. App. 208, 110 N. E. 218), but a consideration of the case on its merits leads to the same result.

Appellants, in argument, make certain reference to matters alleged to have been shown in evidence at the trial, but the condensed statement of the evidence which is set out in their brief is very meager, and consists principally of counsel's conclusions as to the effect of the testimony. None of the witnesses are named, and but little attempt has been made to state the evidence in narrative form. This failure to comply with Rule 22 operates as a waiver of all questions arising on the evidence. *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 579, 114 N. E. 85; *McClellan* v. *Thomas* (1915), 183 Ind. 310, 109 N. E. 44; *Cleveland, etc., R. Co.* v. *Hayes* (1914),

181 Ind. 87, 107, 102 N. E. 34, 103 N. E. 839; *Jeffersonville School Tp.* v. *School City, etc.* (1912), 50 Ind. App. 178, 182, 96 N. E. 662.

In this view of the record, and appellants' presentation thereof, we must now treat the special finding of facts made by the trial court as fully sustained by the proof. It appears from said finding that Monroe township originally contained seven school districts; that for several years prior to the decision to erect the schoolhouse here in question district No. 4 had been regularly and legally abandoned; that in district No. 7 the average daily attendance of pupils was less than fifteen and, for that reason, said district could be abandoned by the trustee; that in districts Nos. 2 and 5 a majority of the legal voters in each of said districts had filed with the trustee their petitions to have said districts abandoned and consolidated with other districts; and that the action taken by the trustee and the advisory board, as set out in appellants' complaint, was for the purpose of providing a consolidated school building for the accommodation of the pupils in all the four districts above named.

It is the theory of appellants' complaint that the proposed erection of this building within the limits of district No. 5 would constitute an unauthorized removal of the school already existing in this district to a new site and involve the construction of a building not justified by the immediate or probable needs of said district, and cause an unjust and unreasonable expenditure of the public funds. The burden rested on appellants to prove the allegations of their complaint, and in this they have failed. The facts found by the trial court show

the proposed construction of a consolidated school building for the use of pupils from four school districts and in accordance with the wishes or

4. requirements of a majority of the legal voters in each of said districts. The action of the trustee and the advisory board appears to have been taken pursuant to statutory direction, and it is not open to attack in an action of this character. §6421 Burns 1914, Acts 1901 p. 437; §6422 Burns 1914, Acts 1909 p. 73; *Frost* v. *State, ex rel.* (1914), 181 Ind. 581, 583, 105 N. E. 51.

Under the express provisions of §§6667, 6668 Burns 1914, §§4537, 4538 R. S. 1881, appellants' remedy, in case of an abuse of discretion on the part of the trustee or an improper refusal to perform the duties required of him, was by appeal to the higher school authorities.

No error appearing, the judgment of the trial court is affirmed.