## FLORA, TRUSTEE, *v.* BROWN.

[No 11,593.    Filed March 28, 1923.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Establishment of Joint High and Elementary Schools.—Authority of Trustee.—Statutes.*—Under Acts 1913 p. 331, §1, (§6584a Burns 1914), a township trustee may at his discretion, when the conditions specified in the statute exist, establish a joint high and elementary school in the township, and §2, as amended by Acts 1917 p. 677 and Acts 1921 p. 322 (§6584b Burns' Supp. 1921), making it the mandatory duty of the trustee, on petition of the requisite number of parents, to establish such school, in no way takes from the trustee the authority conferred upon him by §1, nor does it repeal such section, each section being applicable to different conditions.    p. 456.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of School Building.—Action for Injunction.—Trustee's Want of Authority.—Burden of Proof.*—In an action by a resident freeholder and taxpayer to enjoin a township trustee from selling bonds to procure funds to pay for the construction of a school building, it was incumbent on plaintiff to establish such a state of facts as would leave the trustee without any authority to act in the premises under the provisions of any existing statute.    p. 458.

3. EVIDENCE.—*Presumptions.—Performance of Duty by Public Officers.*—It is presumed that officers are doing their duty and keeping within the law, and a party who challenges the act of an officer must show that there is no authority in the officer to do the act in question.    p. 458.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of School Luild-ing.— Authority of Township Trustee.— Presumptions.— Stat-utes.*—In an action to enjoin a township trustee from selling bonds to pay for the erection of a joint high and elementary school building, the proceeding by the trustee being in pur-suance to the provisions of §6584a Burns 1914, Acts 1913 p. 331, where the special findings of the trial court do not nega-tive the existence of the facts specified in such section as being sufficient to confer upon the township trustee authority to act in the premises, it will be presumed that such facts exist. p. 458.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of School Build-ing.— Authority of Township Trustee.— School in Adjoining Township.—Statutes.*—Notwithstanding the location of a high school within three miles of the boundary of his township, a trustee has the discretionary authority, under §6584a Burns 1914, Acts 1913 p. 331, to establish a high school in his town-ship, and the presenting to him of a petition, as provided in §6584b Burns' Supp. 1921, Acts 1921 p. 322, would only have the effect of changing the character of his duty from one the performance of which was optional to one where the duty is positive. p. 459.

From Howard Circuit Court; *B. C. Moon,* Special Judge.

Action by John C. F. Brown against Ora S. Flora, trustee. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Wolf & Barnes, C. W. Roll, Bell, Kirkpatrick, McClure & Elliott* and *D. L. Bock,* for appellant.
*Wills & Cripe* and *Joseph C. Herron,* for appellee.

ENLOE, J.—The appellant is trustee of Ervin town-ship, Howard county, Indiana, and the appellee is a resi-dent freeholder and taxpayer of said township. By this action the appellee sought to enjoin the appellant from selling the bonds of said township for the purpose of procuring funds with which to erect a joint high school and elementary school building in said township, and to enjoin the erecting of such building.

The appellant's demurrer to the complaint was over-

ruled after which he answered by general denial. Upon the trial the court made a special finding of the facts and stated its conclusions of law thereon favorable to the appellee, and entered its decree accordingly, granting the relief prayed.

The appellant first presents as error the action of the court in overruling his demurrer to the complaint, but, as the court found the facts herein specially, and stated its conclusions of law thereon, this alleged error becomes of no controlling force and need not be considered.

It is next urged that the court erred in its conclusion of law upon the facts found.

It is not necessary that each and all of the findings, as made by the court, be set out in this opinion, and we shall only refer to such of said findings as are deemed necessary to a proper understanding of this case.

It appears from such findings that there was not, in Ervin township, any high school, or any joint high school and elementary school, and that, at the time in question, said township had more than $1,250,000 of taxable property for school purposes.

It is provided in §1, of Acts of 1913, (Acts 1913 p. 531, §6584a Burns 1914) that the township trustee, when the conditions in said act specified exist,

1.  *may* establish and maintain therein a high school, or a joint high school and elementary school.

The four requisites to give to the trustee such authority are: assessed value for taxable purposes of $600,-000; no high school in township; no city or town in the township maintaining a high school; eight or more resident graduates from the elementary schools in each of the preceding two years. Here, under the conditions named, is the grant of the authority to build, but the exercise of this power is left to the discretion of the trustee. In the concluding part of said section it is pro-

vided, that if a majority of the parents, guardians, heads of families, or persons having charge of children, who were enumerated for school purposes, etc., shall petition the trustee to establish and maintain in such township a high school, or a joint high school and elementary school, said trustee *shall* establish and maintain such a school as petitioned for. This latter part of said section, the conditions being fulfilled, leaves no discretion with the trustee; it is now his *duty* to act in accordance with such petition, and the performance of this duty may be enforced by mandate.

Section 2 of said act of 1913 made it the positive duty of the township trustee, upon the fulfilment of the conditions therein specified, to build and maintain in such township, a high school. This section was amended in 1917 (Acts 1917 p. 677), and was again amended in 1921, (Acts 1921 p. 322, §6584b Burns' Supp. 1921) so that the provisions of said section are now as follows: That in each township in this state, (a) having an assessed valuation of more than $600,000 of taxable property, and wherein (b) there is not now established a high school in such township, or (c) in any town within such township, and where (d) there is no high school within three miles of any boundary line of such township, and wherein (e) for each of the two years last past there have been eight or more graduates of the township elementary schools residing in such township, the township trustee shall establish and maintain therein a high school and employ competent teachers therefor.

The latter part of said amended §2 was intended to meet other conditions and its provisions are as follows: That, in each township having (a) an assessed valuation of more than $1,250,000 of taxable property, whenever (b) one-third, or more, of the parents, guardians, etc., living in such township and having charge of children who were enumerated for school purposes, etc., shall

petition the trustee of said township to establish and maintain a high school, or a joint high school and elementary school, said trustee shall establish and maintain in such township a high school or joint high school and elementary school, as petitioned for, notwithstanding there may be an established high school within three miles of a boundary line of such township, and regardless of the number of graduates from the elementary schools of such township.

Section 2 (§6584b Burns' Supp. 1921, *supra*), in no way takes from the trustee the right conferred upon him by said §1, §6584a Burns 1914, *supra*, nor does it in any way repeal said section. Each section is applicable to different conditions, but, as before said, §1, *supra*, gives to the trustee authority to act, but leaves the exercise of that authority, in the first instance, discretionary with the trustee. In §2, *supra*, upon the concurrence of the conditions specified, the duty of the trustee becomes positive; he has no discretion in the matter.

In this case it was incumbent upon the appellee, before he would be entitled to a decree restraining the appellant in the matter complained of, to establish such a state of facts as would leave the appellant without any authority in the premises, under the provisions of any existing statute. The presumption is that the officers are doing their duty, keeping within the law, and hence the party who challenges the act of the officer must show that there is no authority in the officer to do the act in question. *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 86 N. E. 49. This, in the case at bar, was not done. The special findings do not cover and negative the existence of the facts specified in said §1, (§6584a Burns 1914, *supra*) as being sufficient to confer upon the township trustee authority to act in the premises, and we must, therefore, presume that such facts exist. If they exist, the trustee

had authority which he might exercise, at his discretion, and appellee cannot complain because appellant has seen fit to exercise the discretion so conferred, and take the necessary steps to build the school house in question.

The complaint in this case seems to proceed upon the theory that appellant must look to §2, (§6584b Burns' Supp. 1921, *supra*) as the source of his authority, and that, in the absence of a petition signed by one-third or more of the persons specified in said section, asking that such school be built, he had no authority in the premises, because there were high schools in adjoining townships, within three miles of the boundary line of Ervin township. If there were such schools within said distance, the trustee would still have authority to build, but the exercise of that authority by him would be optional. The presenting to him of the petition mentioned would simply have the effect of changing the character of the duty from one the performance of which was optional, to one where the duty was positive. If the appellant had authority to build a high school building, or to build a joint high school and elementary school building, under the conditions specified in said §1, (§6584a Burns 1914, *supra*) with the assessed value of the property only $600,000 we do not understand by what process of reasoning it could be said, under this statute, that the trustee would have no such authority, under the same conditions, except that the value of the property for taxation in the township has now increased until it is $1,250,000.

Upon the facts as found by the court the appellee was not entitled to any injunctive relief, and the court erred in its conclusion of law.

The judgment is therefore reversed with directions to the trial court to restate its conclusion of law in harmony with this opinion, and to render judgment accordingly.