## STUTESMAN v. SIGERFOOS, TRUSTEE.

[No. 12,033. Filed December 2, 1924. Rehearing denied February 5, 1925. Transfer denied March 31, 1925.]

SCHOOLS AND SCHOOL DISTRICTS.—*Requisites of complaint to enjoin township trustee from erecting schoolhouses on other sites.* —A complaint to enjoin township trustee from erecting new schoolhouses on sites different from the former locations is insufficient where it merely alleges noncompliance with the provisions of §6417 Burns 1914, Acts 1893 p. 17, but it must negative all right and authority to proceed under any other statute, especially under §6421 Burns 1914, Acts 1901 p. 437, when that would authorize him to proceed in the matter in question.

From Elkhart Superior Court; *William B. Hile,* Judge.

Suit by Ceylon Stutesman against William J. Sigerfoos, Trustee of Concord township, Elkhart county. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Harman & Jay,* for appellant.
*Church & Chester,* for appellee.

ENLOE, J.—This was an action by the appellant, a resident freeholder and taxpayer of Concord township,

Elkhart county, Indiana, against the appellee, the trustee of said township, seeking an injunction against appellee, enjoining him from selling bonds of said township and erecting new schoolhouses.

It appears from the averments of the complaint that, prior to the bringing of this action, said township contained twelve school districts; that the said trustee had determined to consolidate school districts numbered two (2) and four (4) and to build a new elementary school building for such consolidated districts, the proposed location of such new building being one-half (½) mile from the location of the old schoolhouse in said district four, and that said trustee was proposing also to consolidate districts six (6), seven (7) and eight (8) of said township and to build a new elementary school building for such consolidated district, at a point about one and one-half (1½) miles from the site of the old schoolhouse in said district number seven (7); that said trustee, under the authority of the advisory board of said township, had advertised for bids for the building of said proposed school buildings and was proposing to award, subject to the sale of the bonds of said township, which sale had been authorized by the advisory board, the contracts for the construction of said buildings.

It was also alleged, and this was the basis of the action: "That said trustee has not procured a petition signed by such trustee and a majority of the patrons of the school where said old buildings are located in any or either of said districts which he now proposes to relocate and abandon, as required by law for the change of said school sites or any of them, * * * that said trustee has never presented to the county superintendent of schools of Elkhart county, Indiana, a petition which stated the place and particular point to where it is desired to change and relocate the site of

said schoolhouses situate in said districts two (2) and four (4), or either of them, and remove the same thereto, as required by section 6417 Burns' Revised Statute 1914; that said trustee never procured an order from the county superintendent of schools of said county, to change the site and location of any of such schoolhouses in said districts, nor any of them, nor for the change and re-establishment of the site therefor, as required by said statute." A demurrer to this complaint was sustained, and this ruling is the only question presented by this appeal.

Section 6417 Burns 1914, Acts 1893 p. 17, is as follows: "That whenever it becomes necessary for the trustee of any township in this state to change and re-establish the site of any school building and remove said building to a new site and location therefor, such trustee shall first present to the county superintendent of schools of the county in which township is so situated, a petition setting forth therein the place and particular point to where it is desired to change and relocate the site of any such building, and to remove the same thereto, together with a brief statement of the purposes and reasons for such proposed change of location of said school building, and upon such petition shall first procure an order from such county superintendent authorizing him to change the site and location of such school building and remove said building to its new site and location: *Provided*, That said petition shall be signed by said trustee and the majority of the patrons of the school where said building is located, and satisfactory proof shall be made to said county superintendent that the persons signing said petition constitute a majority of the patrons of said school." We hold that §6417, *supra*, is not controlling under the facts of this case.

In the case of *Flora, Trustee*, v. *Brown* (1923), 79

Ind. App. 454, 138 N. E. 767, this court said: "In this case it was incumbent upon the appellee, before he would be entitled to a decree restraining the appellant in the matter complained of, to establish such a state of facts as would leave the appellant without any authority in the premises, under *any* existing statute. The presumption is that the officers are doing their duty, keeping within the law, and hence the party who challenges the act of the officer must show that there is no authority in the officer to do the act in question." Tested by the foregoing rule, the averments of the complaint in question do not negative *all* authority or right of the appellee, under our law, to do the acts in question; it does not negative the authority of said trustee to proceed in the matter in question, under the provisions of §6421 Burns 1914, Acts 1901 p. 437, which confers ample authority upon the trustee, under the conditions mentioned therein, to do what the trustee was alleged as being about to do in this case. *Leedy* v. *Idle, Trustee* (1918), 69 Ind. App. 105. The court did not err in sustaining said demurrer.

Judgment affirmed.