GRUBER ET AL. *v.* STATE, EX REL. WELLIVER.

[No. 25,162. Filed September 21, 1929.]

*Montgomery & Montgomery* and *Edward P. Elsner,* for appellants.

*Seba A. Barnes,* for appellee.

GEMMILL, C. J.—In the circuit court, this action was brought for mandate, as provided in Acts 1915, ch. 87, §1224 Burns' Supp. 1921, §1244 Burns 1926, by the relators to compel appellant, Lyman M. Gruber, as trustee, and appellants Edmund J. Miller and John Zimmerman, as members of the Township Advisory Board of Redding Township, in Jackson County, Indiana, to establish and maintain a joint high school and elementary school in said township, as petitioned for by the relators pursuant to Acts 1921, ch. 130, §6584b Burns' Supp. 1921, §6843 Burns 1926.

This is the second appeal of this cause. In the first and former appeal, the complaint consisted of two paragraphs, to both of which appellants' demurrers had been overruled, and the cause was appealed on these rulings. On said appeal, the court held the second paragraph of complaint sufficient as against appellants' demurrers; but held the appellants' demurrers to said first paragraph of complaint should have been sustained; and, for this error, the cause was reversed and remanded. *Gruber, Trustee,* v. *State, ex rel.* (1925), 196 Ind. 436, 148 N. E. 481. After the cause was remanded to the lower court, the first paragraph of complaint was dismissed,

and no amendment to or change in said second paragraph of complaint was made.

Issues of law are presented by the demurrer to the answer in abatement of appellants Miller and Zimmerman, as members of the township advisory board, by the demurrer to the first and second paragraphs of answer in bar of appellants Miller and Zimmerman, as members of the township advisory board, and by the demurrer tó the second paragraph of the separate answer of appellant Gruber as trustee. Each demurrer to the several answers of appellants was sustained, and appellants severally excepted, and, declining to plead further, judgment was rendered against them.

The answer in abatement of Miller and Zimmerman, as members of the township advisory board, to the second paragraph of complaint, alleged, in substance, that no itemized statement and estimate of the cost of establishing and maintaining the proposed school, or estimate of the cost of erecting a school building to house such school, had been filed with said advisory board, and no request had been made for an appropriation.

In the former appeal to this court, *Gruber, Trustee,* v. *State, ex rel., supra,* this court said: "The memorandum attached to each of the demurrers to this [second] paragraph proceeded upon the theory that the relators were seeking to compel the respondents to construct a school building. While the relief asked by relators, if granted, might result in a necessity for a more commodious building for school purposes than the trustee now has at his command, yet that is a matter entirely for the trustee and the advisory board, and foreign to the gist of this action." In that appeal, this court also said: "It being the imperative duty of the trustee to establish and maintain, within reasonable needs, a school as prayed by the relators, and it appearing that the advisory board, to some extent,

was and is antagonistic to the proposed reorganization of its township schools, it was proper to join the members thereof as defendants upon the theory of securing complete and adequate relief." It appears from the complaint that it was not necessary that an appropriation be made in order to establish and maintain the joint high school and elementary school petitioned for by the appellees. The court did not err in sustaining the demurrer to the answer in abatement.

The first paragraph of answer in bar of defendants Miller and Zimmerman, as members of the township advisory board, and the second paragraph of answer of Gruber, trustee, present identically the same question and do not require separate consideration. These answers each state that when the trustee denied the petition, the petitioners, if not satisfied, should have appealed to the superintendent of schools of Jackson County.

The act of 1921, Acts 1921 pp. 322, 323 (§6843 Burns 1926) is an amended act, requiring, under certain conditions, the establishment and maintenance of township high schools, or joint high schools and elementary schools, and matters properly connected therewith. The second paragraph of complaint, according to the former opinion of this court herein, contained all the necessary averments to bring it under said act of 1921. Part of the act provides: "That, in each township having an assessed valuation of more than twelve hundred and fifty thousand dollars of taxable property, whenever one-third or more of parents, guardians, heads of families and persons living in such township having charge of children who were enumerated for school purposes in said township at the last preceding enumeration, petition the trustee of said township to establish and maintain a high school, or joint high school and elementary school, said trustee shall establish and maintain in such township a high

school, or joint high school and elementary school, as petitioned for, and employ competent teachers therefor."

It is the contention of appellants that an appeal should have been taken by the petitioners, now relators, to the county superintendent of schools, as provided for in §6790 Burns 1926. This section became effective on March 6, 1865, and reads as follows: "Appeals shall be allowed from decisions of the [township] trustees relative to school matters to the county superintendents, who shall receive and promptly determine the same according to the rules which govern appeals from justices of the peace to circuit court, so far as such rules are applicable; and their decisions of all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair or removal of schoolhouses, or transfers of persons for school purposes, and resignation and dismissal of teachers, shall be final." The relators claim that the matter of appeal to the county superintendent is not by the language of the act made mandatory, but is merely permissive. This statute does not say appeals shall be taken, but that "appeals shall be allowed."

An officer may be mandated to perform an act which the law specifically enjoins, or any duty resulting from any office. §1245 Burns 1926; *Flora, Trustee,* v. *Brown* (1923), 79 Ind. App. 454, 138 N. E. 767; *State, ex rel.,* v. *Lane* (1916), 184 Ind. 523, 111 N. E. 616. In *Flora, Trustee,* v. *Brown, supra,* the court, in regard to §1 of the acts of 1913, Acts 1913 p. 331, the original act, which was finally amended by Acts 1921 pp. 322, 323, said as follows: "In the concluding part of said section it is provided, that if a majority of the parents, guardians, heads of families, or persons having charge of children, who were enumerated for school purposes, etc., shall petition the trustee to establish and maintain

in such township a high school or a joint high school and elementary school, said trustee shall establish and maintain such a school as petitioned for. This latter part of said section, the conditions being fulfilled, leaves no discretion with the trustee; it is now his duty to act in accordance with such petition, and the performance of this duty may be enforced by mandate."

The said act of 1921 is mandatory, as it provides that the township trustee, under the conditions specified in the statute, *shall* establish and maintain a joint high school and elementary school, as petitioned for in this proceeding. Under the proper petition, the trustee had no alternative but to act. He could, of course, use his judgment and discretion in carrying out the mandate of the statute, but could not disregard same. And that part of §6790 Burns 1926 on the subject of appeals from the township trustees to the county superintendents in regard to the establishment of schools is repealed by the said act of 1921 (§6843 Burns 1926), as to a township high school or township joint high school and elementary school coming under the conditions stated in the latter law. On the former appeal of this cause, this court held that the relators had filed a proper petition as required by the statute, and that all the conditions of the statute necessary to entitle relators to the kind of school petitioned for by them was alleged in the second paragraph of complaint, and that the township trustee might be compelled by mandate to establish and maintain the school prayed for, and that it was his imperative duty so to do. Cases cited by appellants to show that an appeal to the county superintendent of schools was petitioners' remedy do not sustain that contention. The demurrers to the separate answers, which alleged that an appeal to the county superintendent was necessary, were properly sustained. The second paragraph of the answer of appellants

Miller and Zimmerman, as members of the township advisory board, attempted to set up their reasons for denying the petition of relators, same being based on their discretion and judgment. As the said act of 1921 was mandatory, the facts stated in this paragraph of answer were not sufficient to constitute a defense. It was not error to sustain the demurrer to same.

The judgment is affirmed.