YODER ET AL. *v.* COLE, TOWNSHIP TRUSTEE, ET AL.

[No. 13,975.   Filed September 3, 1930.]

*Redmond & Emerick* and *Fred L. Bodenhafer*, for appellants.

*Dunten & Dunten, Foster & Foster* and *Luke H. Wrigley,* for appellees.

REMY, J.—Complaint by appellants as residents and taxpayers of Eden Township and Eden School Township, LaGrange County, on behalf of themselves and others similarly situated, to enjoin appellees, the trustee and

members of the advisory board of the township, from abandoning certain district schools, from constructing a building for a consolidated school in one of the districts, and from issuing and selling bonds to pay the cost of the proposed building. In addition to a denial, appellees filed an affirmative answer setting up that the school-houses in the school districts to be abandoned had been condemned by the State Board of Health, and that, no appeal from the order of condemnation having been taken, the majority of the patrons of the respective school districts had proceeded to abandon the school districts and the officers took the necessary steps to construct the building for a consolidated school. The necessary steps required by the statute are set forth in the answer. The cause having been put at issue by reply in denial, the court found the facts specially, and stated its conclusion of law to be that plaintiffs, appellants here, were not entitled to recover, and rendered judgment denying the injunction. The evidence is not in the record. Exception to the court's conclusion of law presents the only question for review.

Omitting formal matters, the facts found by the court are substantially as follows: For many years there have existed in Eden Township eight school districts, in each of which is a schoolhouse; that the average attendance of pupils at each of the schools is 18 or more; that the defendants are threatening to, and will, if not enjoined, abandon all of such district schools and erect on a certain described tract of land in the township a building for a consolidated elementary school, at a cost to the taxpayers of the township of $60,000; that a majority of the voters of each of the school districts, entitled to vote for township trustee, has not at any time petitioned the township trustee or any of the defendants for the abandonment or consolidation of the school districts or the schools of the township; that the township trustee

of Eden Township presented to the county superintendent of schools of LaGrange County a petition for each of the school districts, except district No. 1, requesting such superintendent to grant permission to the trustee to construct the building for the proposed consolidated school, the petition in each case, except district No. 5, being signed by the trustee and a majority of the patrons of the school district; that such superintendent authorized such abandonment and consolidation after notice and hearing as required by statute; that the petition for district No. 5 was not signed by a majority of the patrons of that district; that all of the proceedings by the trustee were approved by the Eden Township Advisory Board, which board has appropriated $60,000 for the purpose of erecting the building for the consolidated school; that the petitions above referred to as having been filed with the county superintendent are the only petitions that have, at any time, been filed with, or presented to, any officer or officers of Eden School Township.

The one question for determination is whether, under the facts specially found, the court erred in denying the injunction.

It is well established in this state that, before the township officers of a school township can be enjoined from constructing a school building for use in the consolidation of district schools and issuing bonds to procure money to pay therefor, the plaintiff in the injunction suit must, by averment in his complaint, and evidence on the trial, show affirmatively that the township officers are proceeding without authority under *any* existing statute. *Flora, Trustee,* v. *Brown* (1923), 79 Ind. App. 454, 138 N. E. 767; *Stutesman* v. *Sigerfoos, Trustee* (1924), 82 Ind. App. 600, 145 N. E. 507. Prior to March 7, 1901, the trustee of an Indiana school township had the power to abolish a school district when in his judgment the public interest required it, subject to

the right of appeal to the county superintendent. *Ireland* v. *State, ex rel.* (1905), 165 Ind. 377, 75 N. E. 872. On March 7, 1901, the General Assembly enacted the following statute: "No township trustee shall abandon any district school in his township until he shall have first procured the written consent therefor signed by a majority of those legal voters who are entitled to vote for township trustee in such district; *Provided,* this act shall not apply to schools which have an average daily attendance of twelve (12) pupils or fewer. It shall be the duty of every township trustee to re-establish any district school so abandoned upon the written petition of two-thirds of the legal voters who are entitled to vote for township trustee in such district." Acts 1901 p. 159, §6420 Burns 1914, inadvertently omitted from Burns' revision of 1926. At the same session, and on March 11, 1901, the General Assembly enacted another school abandonment statute which provides: "Whenever a majority of the legal voters of any school district or corporation shall petition the trustee or trustees of such school district or corporation for the abandonment of their schools and the consolidation of their schools with the schools of some other school district or corporation in the same township, it shall be the duty of the trustee or trustees of such school district or corporation to comply with such petition, and to provide for the education of the children of such abandoned district or corporation in other schools as asked for in such petition." Acts 1901 p. 437, §6851 Burns 1926. On April 10, 1907, there was enacted a statute authorizing the abandonment, by school trustees, under certain circumstances, of schools in which the average daily attendance of pupils has been 15 or fewer. Acts 1907 p. 444. This act was amended in 1909 so as to provide only for the *temporary* abandonment of such schools. Acts 1909 p. 73. §6852 Burns 1926. The three acts to which we have referred have

continued in force since their enactment, and are the only statutes governing the abandonment of school districts. Since, in the instant case, the court found that the average daily attendance of pupils in each of the districts to be abandoned was more than 15 and the proposed abandonment was not temporary in character, the act of 1907 as amended has no application, and need not be considered further.

It is to be observed that each of the legislative acts of 1901 provides a method by which a district school or district schools may be abandoned. Under the act of March 7, 1901, the abandonment may be instituted, and a consolidated school made necessary by the trustee if he has the written consent of the voters who are entitled to vote for township trustee in the district to be abandoned. Under the act of March 11, 1901, the abandonment must be instituted by the petition of a majority of the legal voters entitled to vote for trustee, and, when so instituted, the trustee is compelled to proceed.

It is urged by appellants that, under the court's finding, the trustee was without authority to abandon the district schools in question, or any of them, and, therefore, without authority to proceed with the construction of the building and the sale of bonds. Whether the facts found are such as would require the township trustee and advisory board, under the act of March 11, 1901, to abandon the district schools and proceed with the work of constructing the building for a consolidated school, it is unnecessary for us to decide. It is not shown by averments of the complaint, nor do the facts found by the court show affirmatively, that the trustee did not have the written consent of a majority of the voters of the township, and was not proceeding under and pursuant to the act of March 7, 1901; and no facts are found which show that, with the district

schools abandoned, the township officers should not go ahead and furnish other school facilities in the form of a consolidated school.

The court did not err in its conclusion of law.

Affirmed.

Enloe, J., not participating.