HATTEN ET AL. *v.* HOWE, TRUSTEE OF NOBLE SCHOOL TOWNSHIP, ET AL.

[No. 14,084. Filed February 27, 1931.]

*Williams & Pell,* for appellants.

*Wray & Sullivan* and *Hottel, Mowrer & Mote,* for appellees.

WOOD, J.—This was an action brought by the appellants, as resident taxpayers and voters of school district No. 6, in Noble Township, Shelby County, against the appellee, Alfred C. Howe, as trustee, and his co-appellees, as members of the advisory board of said township, to enjoin them from consolidating three school districts, erecting a new school building in said district No. 6, on a new site, authorizing the issuing, sale, and payment of bonds for the purpose of obtaining funds with which to defray the expense of such new school building and from entering into any contract for that purpose. The issues consisted of a complaint in one paragraph and a general denial. The facts were found specially by the trial court, upon which judgment was rendered in favor of appellees denying the injunction. It is from that judgment that this appeal is taken.

The error assigned for reversal of this cause is that the trial court erred in its conclusions of law.

Both appellants and appellees agree that the facts as found by the court are correct. From these facts, it appears that the appellees were respectively trustee and members of the advisory board of the township, and the appellants, with one exception, were taxpayers and

voters of school district No. 6, of Noble Township. During the years 1928 and 1929, school districts Nos. 4, 6 and 8 were in existence, and being regularly maintained for elementary school purposes; and the court found, quoting from its special finding of facts: "That, on the 12th day of March, 1929, petitions were filed with the above-named trustee, in which said petitions, it was prayed that the schools in each of said districts be abandoned and consolidated with the other schools of said township, at a point that will be to the best interests of the voters and taxpayers of said township, and that will afford the best, and most just and equitable accommodation for all the school children of said township. That, on said last named date, said trustee certified that he had examined said petitions and found that they were signed by a majority of the legal voters of each and all of said districts of said township and a majority of the legal voters thereof entitled to vote for trustee of said township, and that he thereby granted the prayer of said petition. That said petition was never presented to the County Superintendent of Schools and that no petition was ever presented to him designating a proposed site for the location of said proposed school. That no appeal was ever taken by the plaintiffs, or any other persons interested, to the County Superintendent of Schools of said county, from the action of the trustee relating to said abandonment of schools and the providing for a consolidated school for said township." Thereafter, a meeting of the advisory board was held, at which resolutions were adopted declaring that an emergency existed for the erection of a consolidated school building, also providing for the taking of such steps as were necessary to erect said building in conformity with the provisions of the Township Reform Act (Acts 1899 p. 150, §§12062-12075 Burns 1926).

Appellants contend that the proceedings of the trustee and his advisory board are controlled by Acts 1893 p. 17, being §§6848-6850 Burns 1926; that, pursuant to that act, a schoolhouse site cannot be changed in the absence of any one of three concurrent conditions, namely: (1) A petition must be signed by a majority of the patrons of the school; (2) by the township trustee; and (3) it must be presented to the county superintendent of schools and his consent obtained. On the other hand, appellees contend that said proceedings come within and are controlled by Acts 1901 p. 437, being §6851 Burns 1926.

The construction to be placed upon these various sections of the statutes, as applied to the facts in the case now under consideration, is not a mooted question in this state.

In the case of *Stutesman* v. *Sigerfoos, Trustee* (1924), 82 Ind. App. 600, 145 N. E. 507, the essential averments of the complaint upon which appellant in that case relied for injunctive relief, prohibiting the appellee from consolidating school districts, changing the site of and erecting a schoolhouse therein, were almost identical with the case at bar. In that case, the court held expressly that §6848 Burns 1926 (Acts 1893 p. 17) was not controlling. The court referred to the case of *Flora, Trustee,* v. *Brown* (1923), 79 Ind. App. 454, 138 N. E. 767, approving and quoting therefrom the following proposition of law: "In this case it was incumbent upon the appellee, before he could be entitled to a decree restraining the appellant in the matter complained of, to establish such a state of facts as would leave the appellant without any authority in the premises, under *any* existing statute. The presumption is that the officers are doing their duty, keeping within the law, and hence the party who challenges the act of the officer must show that there is no authority in the officer to do the act in

question." After this quotation, the court concluded its opinion with this statement: "Tested by the foregoing rule, the averments of the complaint in question do not negative *all* authority or right of the appellee, under our law, to do the acts in question; it does not negative the authority of said trustee to proceed in the matter in question, under the provisions of §6421 Burns 1914, Acts 1901 p. 437 (being §6851 Burns 1926), which confers ample authority upon the trustee, under the conditions mentioned therein, to do what the trustee was alleged as being about to do in this case." Citing *Leedy* v. *Idle, Trustee* (1918), 69 Ind. App. 105, 121 N. E. 323.

The facts found by the court in the case at bar bring it within the rule announced by this court in the above cases, and, upon the authority of those cases, the judgment of the lower court is affirmed.