GUSHWA, TRUSTEE, ET AL. *v.* STATE EX REL. OSTER ET AL.

[No. 25,937. Filed March 6, 1934.]

238

*Atkinson & Husselman,* for appellants.

*Redmond & Emerick,* for appellees.

TREANOR, J.—Appellees brought an action for mandate to compel appellants, the trustee and members of the advisory board of Richland Township, DeKalb County, to establish and maintain a high school in said township. The trial court made a special finding of facts which in substance, is as follows:

On the date of the filing of the petition, hereinafter referred to, Richland Township had no high school. It had an assessed valuation of $2,676,290.00, after all mortgage exemptions were deducted; it had no indebtedness, could legally incur an indebtedness of $52,000.00 and could issue bonds for that amount without exceeding 2 per cent of the township's assessed valuation. The trustee had on hand in the special school fund $5,074.00. The school enumeration taken in the preceding April showed 123 parents, guardians, and heads of families having charge of children enumerated for school purposes in the township, which number the court found to be correct. Fifty-five of such persons, in writing, petitioned appellant, as trustee, to establish and maintain a high school in said township; the trustee presented the petition at a meeting of the township advisory board and that board made and entered an order refusing to establish a high school in the township and refused to make any appropriation therefor or authorize the incurring of any indebtedness therefor. There is no building in the township in which a high school can be maintained.

Upon the facts so found the court concluded that the law was with the appellees and that the defendants should take the necessary steps to establish and main-

tain a high school in the township. Judgment was accordingly rendered commanding the defendants to "proceed forthwith to do and perform all the necessary things and acts toward the establishment of a high school in Richland Township, DeKalb County, Indiana, and to cause a high school to be established in said Richland Township, and for that purpose to take such and all of the necessary steps for the accomplishment of said purpose without unnecessary delay." From that judgment the trustee and advisory board prosecute this appeal. The only question involved is whether the trial court was correct in its conclusions of law.

The petition, found by the trial court to have been filed by 55 of the parents, guardians, and heads of families having children enumerated for school purposes in the township, as provided for by §6843, Burns Ann. Ind. St. 1926, §28-2659, Burns 1933, §6188, Baldwin's 1934, Acts 1913, ch. 134, p. 331, §2, as amended, Acts 1917, ch. 168, p. 677, as amended, Acts 1921, ch. 130, p. 322, which is as follows:

"In each township in this state having an assessed valuation of more than six hundred thousand dollars of taxable property, and wherein there is not now established a high school in such township or in any town within such township and where there is no high school within three miles of any boundary line of such township, and wherein for each of the two years last past there have been eight or more graduates of the township elementary schools residing in such township, the township trustee shall establish and maintain therein a high school and employ competent teachers therefor: Provided, That, in each township having an assessed valuation of more than twelve hundred and fifty thousand dollars of taxable property, whenever one-third or more of the parents, guardians, heads of families and persons living in such township having charge of children who were enumerated for school purposes in said township at the last preceding enumeration, petition the trustee of said township to establish and maintain

a high school, or joint high school and elementary school, said trustee shall establish and maintain in such township a high school, or joint high school and elementary school, as petitioned for, and employ competent teachers therefor, notwithstanding there may be an established high school within three miles of a boundary line of such township and regardless of the number of graduates of the elementary schools of such township: . . ."

The trial court's special finding established that the petition filed and the facts therein alleged were in all respects sufficient to invoke the provision of the above quoted statute requiring that "said trustee shall establish and maintain in such township a high school . . . as petitioned for, and employ competent teachers therefor." The statute, as construed by this Court in *Gruber* v. *State ex rel. Welliver* (1929), 201 Ind. 280, 168 N. E. 16, is mandatory, and "under the conditions specified in the statute" the trustee "*shall* establish and maintain" a high school as petitioned for. *Gruber* v. *State ex rel. Welliver, supra.*

Appellants contend that mandate did not lie because (1) it did not appear that the trustee had the "present ability to do the thing requested," it "not being shown . . . that the township had borrowing power sufficient to erect a building," and (2) the acts to be performed depend on the "acts, approval or co-operation of a third person, not a party" in that a remonstrance to the issuance of bonds to erect a building might be filed, and sustained by the State Tax Board whose decision would be final.

The special finding of facts shows that there was $5,074.00 in the special school fund of the township and that $52,000.00 of indebtedness could be incurred. The school township had available a borrowing capacity far beyond the minimum required by the statute and we cannot assume that the

borrowing power was not sufficient to enable the trustee to do what the statute requires him to do. Ordinarily it would not be possible to know the probable cost of the school building until the trustee should take some steps toward establishing same. If by reason of special condition it would be impossible to construct an adequate building with the maximum amount available and this could be shown to a trial court, such fact would constitute a good defense to an action for mandate; but the plaintiff would be under no duty to negative such fact. Nor do we think that appellee's right to a judgment for mandate was affected by the fact that the bonds necesesary to be issued cannot be issued without the consent of the State Tax Board if a remonstrance should be filed. Under the facts, it was the duty of appellants to proceed to take the necessary steps to establish and maintain a high school. If the matter should be taken to the tax board and that body should refuse to authorize the issuance and sale of the necessary bonds, appellants might be excused and relieved from proceeding further in the matter. The statute is mandatory in form and under the facts the trustee had no choice. It was said in *Gruber, Trustee* v. *State ex rel. Welliver* (1925), 196 Ind. 436, 148 N. E. 481:

"To establish and maintain township schools in compliance with the laws of this state providing for a general system of education is an official duty of the township school trustee. By virtue of his office, he has control of the schools, school houses and school funds. In the expenditure of school funds and in making provision for the raising of such funds, the advisory board acts in a co-operative and advisory capacity with the trustee, but it will not be allowed to arbitrarily defeat the performance by such trustee of a duty enjoined upon him by law."

And the Appellate Court, speaking of the provisions of §6843, *supra,* said:

"This latter part of said section, the conditions being fulfilled, leaves no discretion with the trustee; it is now his *duty* to act in accordance with such petition, and the performance of this duty may be enforced by mandate." *Flora, Trustee* v. *Brown* (1923), 79 Ind. App. 454, 138 N. E. 769.

The judgment of the trial court is sufficiently specific.

Judgment affirmed.