TURNER, TRUSTEE *v.* STATE EX REL. KING ET AL.

[No. 26,193. Filed April 10, 1936.]

*Roy W. Adney* and *Frank E. Hutchinson,* for appellant.

*E. C. Gullion,* for appellee.

ROLL, C. J.—This is an action in mandate brought by appellees against appellant, wherein appellees sought to mandate appellant as trustee to maintain a joint elementary and high school in Washington Township, Boone County, Indiana.

Appellant answered the complaint by answer in general denial, and after hearing the court found for appellees and entered judgment of mandate against appellant.

Appellant's motion for a new trial was overruled and this action of the court is the only assigned error on this appeal.

It appears from the record that in 1927 a proper petition was presented to the Trustee of Washington School Township, asking the trustee to establish and

maintain a joint elementary and high school in the township. That pursuant to this petition and by the authority of §6843, Burns' Ann. St. 1926, §28-2659, Burns 1933, §6188, Baldwin's 1934, under which the petition was filed, the trustee took proper steps to and did erect a building adequate to accommodate the elementary and high school grades. That the first eight grades have been maintained in such school, and the first year high school has also been established, but the complaint charges and the appellant admits that it is the intention of the trustee to abandon the first year high school course and not to establish the second, third, and fourth year high school and to transfer all high school pupils to other high schools. Appellant's reasons for so concluding are that a majority of the patrons of the school township has so petitioned him, and that the cost of establishing the second, third, and fourth year high school would increase the bonded indebtedness of the township beyond the 2% constitutional limit.

It seems that appellant on appeal had abandoned the first reason as sufficient, as there seems to be no statute in this state giving the trustee the power to discontinue or abandon a high school upon a petition of a majority of the patrons, where the school was established and maintained under §6843, *supra*.

The only question presented by appellant's brief relates to the question of finance.

The evidence on this question is that the net taxable property of Washington Township for the year 1931 was $2,620,460.00. Under the constitution the 2% limit would be $52,409.20. The evidence showed that the township then had a bonded indebtedness of $51,000.00, leaving a margin of $1,409.20. The evidence further showed that the bonded indebtedness would be reduced by $5,000.00 in December, 1931, by taxes already levied and extended. That it would cost approximately $2,-

400.00 to fully equip the second, third, and fourth year high school.

The court's judgment is as follows:

"It is therefore considered and adjudged by the court that Arthur B. Turner, Trustee of Washington School Township, be and he is hereby mandated to maintain the joint elementary and high school heretofore established in his said school township.

"And it is further ordered that the proper steps to carry out this mandate be taken by the school trustee of said township by establishing at least not less than one additional grade of such high school each year, but the court does not direct the trustee as to the particular time in which this order must be complied with other than that a maximum of one year each for each grade to be established is granted, and that the ninth grade, or first year of high school, be established at the earliest practical date, and in no event later than the beginning of the school year in the fall of 1932."

It will be noted that the school is already equipped for the first year high school work and that no additional outlay will be necessary for equipment for that year, and that the mandate did not direct the trustee to establish and maintain the four years of high school work immediately, but only provided that he establish at least one additional grade each year beginning not later than the fall of 1932. The evidence fully sustains the court's mandate as far as the money question is concerned. It is quite clear that the mandate of the court can be carried out by the trustee without exceeding the 2% constitutional limit of bonded indebtedness.

Under such circumstances it follows that appellant was under the legal duty to maintain a joint elementary and high school in Washington Township. This duty was imposed upon him by §6843, *supra.* Under the statute, this court held in the case of *Gruber et al.* v. *State ex rel. Welliver* (1929), 201 Ind. 280, 168 N. E. 16, that where a proper petition to establish a joint elementary and

high school has been filed with the trustee, it is the duty of the trustee to proceed to establish and maintain such a school. It would seem that under the statute it was as much the duty of the trustee to maintain the school as petitioned for as it is to erect a suitable building. It would be a useless expenditure of money to mandate a trustee to construct a suitable building for a joint elementary and high school and then to leave it to his discretion as to whether the school should be maintained. Under the holding in the case of *Gruber et al.* v. *State, supra,* the trustee can be mandated to establish and maintain such a school. We find no statute, and appellant has not called our attention to any such statute, that permits the trustee, either in his own discretion or upon a petition of a majority of school patrons, to abandon the school after it has been established under the statute above mentioned.

We find no reversible error in the record.

Judgment affirmed.